NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARAN A. GLADDEN, | Civil Action No. 18-13363 (AET-TJB) |
| Plaintiff, | |
| v. | **MEMORANDUM** |
| NEW JERSEY STATE POLICE, et al, | |
| Defendants. | |

Plaintiff is proceeding *in forma pauperis* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will dismiss the complaint without prejudice.

1. Plaintiff alleges Detective Sergeant John Cipot and other members of the New Jersey State Police illegally searched his home on September 28, 2015. (ECF No. 1 at 6). He states the officers forced him to claim ownership of all the items in the residence in exchange for releasing Plaintiff's pregnant sister from being handcuffed on her stomach. (*Id.* at 8).

2. Plaintiff spent 9 months in the Monmouth County Correctional Institute before posting a $125,000 bond. (*Id.*). He claims the police "retrieved" his iPhone without a warrant. (*Id.*).

3. In determining the sufficiency of a pro se complaint,[1] the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4. To survive sua sponte screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

5. Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[1] Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

2

6. Plaintiff has failed to state a claim for an illegal search under the Fourth Amendment. The complaint indicates the search of Plaintiff's home occurred pursuant to a warrant. (ECF No. 1 at 4). "Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *United States v. Leon*, 468 U.S. 897, 922-23 (1984)).

7. An exception exists when "the warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Id.* at 547 (quoting *Leon*, 468 U.S. at 923). "[T]he threshold for establishing this exception is a high one[.]" *Ibid.* Plaintiff's conclusory allegation that the search warrant was "illegal" does not meet this high standard.

8. The reference to the "retrieval" of the iPhone without a warrant is insufficient to state a Fourth Amendment violation because the circumstances of the "retrieval" are unclear, *i.e.*, was this a retrieval of the phone's data or was the phone seized incident to Plaintiff's arrest.

9. Plaintiff also has not stated a claim for false arrest or false imprisonment. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Phila.*, 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted). There are no facts in the complaint from which the Court could infer a lack of probable cause.

10. Plaintiff's malicious prosecution claim also fails. Plaintiff must set forth facts indicating that the defendants maliciously initiated criminal proceedings without probable cause for a malicious purpose "or for a purpose other than bringing the plaintiff to justice . . . ." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)).[3] There are no facts indicating the criminal proceedings were started without probable cause, maliciously, or for an otherwise improper purpose.

11. In the absence of any basis for federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3).

12. Because Plaintiff has failed to state a claim in his complaint, the Court will dismiss the complaint without prejudice. Plaintiff may move for leave to amend the complaint within 30 days by providing additional facts. Any motion to amend must be accompanied by a proposed amended complaint.

13. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. (*Id.*). To avoid confusion, the safer course is to file an amended complaint that is complete in itself. (*Id.*).

---

[3] The criminal proceedings must also terminate in Plaintiff's favor. Plaintiff meets this factor as he alleges that he was acquitted of his charges. (ECF No. 1 at 8).

4

14. Failure to submit a motion to amend within the timeframe set by the Court will convert the dismissal without prejudice into a dismissal with prejudice without further action by this Court.

15. An appropriate order follows.

4/3/19
DATE

ANNE E. THOMPSON
United States District Judge